UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER WILDE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Hala Y. Jarbou

Case No. 1:20-cv-640

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 34 years old on her alleged disability onset date. (ECF No. 12-9, PageID.480). She successfully completed high school and worked previously as a receptionist. (ECF No. 12-2, PageID.64). Plaintiff applied for benefits on September 29, 2017, alleging that she had been disabled since March 1, 2013, due to

chronic obstructive pulmonary disease, atrial fibrillation, syncope, depression, anxiety, degenerative bone disease, "paf"[1], bilateral sensory hearing loss, pulmonary embolism, chronic blood clots, chronic tonsillitis, venous insufficiency, high blood pressure, obesity, ruptured Achilles' tendon, underactive thyroid, and fatty liver. (ECF No. 12-9, 12-10, PageID.480-85, 497).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 12-8, PageID.409-78). Following an administrative hearing, the ALJ, in an opinion dated May 8, 2019, found that Plaintiff did not qualify for disability benefits. (ECF No. 12-2, 12-6, PageID.55-66, 306-39). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 12-2, PageID.35-40). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

---

[1] This is likely a reference to Paroxysmal Atrial Fibrillation.

-3-

exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A).  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from tendinosis, status post left Achilles' tendon rupture, status post hamstring rupture, degenerative disc disease of the cervical spine, obesity, and a history of syncope, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (ECF No. 12-2, PageID.58-61).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can only occasionally operate foot controls; (2) she can never climb ladders, ropes, or scaffolds, and can only occasionally climb ramps and stairs; (3) she can only occasionally balance, stoop, kneel, crouch, or crawl; (4) she can never work at unprotected heights; and (5) cannot be exposed to moving mechanical parts. (ECF No. 12-2, PageID.61).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid*.

In this case, a vocational expert testified that there existed approximately 34,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.   (ECF No. 12-6, PageID.329-37).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments, which, if present to the severity detailed therein, result in a finding that the claimant is disabled.     Plaintiff argues that the ALJ erred by finding that she did not satisfy the requirements of Sections 12.04 (Depressive, Bi-Polar and Related Disorders), 12.06 (Anxiety and Obsessive-Compulsive Disorders), or 12.15 (Trauma- and Stressor-Related Disorders) of the Listings.

The ALJ considered the evidence and determined that Plaintiff's impairments and limitations did not satisfy the requirements of any Listing.   (ECF No. 12-2, PageID.60-61).   While Plaintiff argues that this finding is not supported by substantial evidence, she has failed to develop or articulate any argument in support thereof.   Plaintiff neither cites to the specific requirements of any of the Listings in question nor articulates the specific manner in which the ALJ's analysis falls short. Instead, Plaintiff merely asserts in conclusory fashion that she suffers from severe emotional impairments which limit her to a degree which satisfies the Listings. Stated differently, Plaintiff, rather than identifying any error in the ALJ's analysis, seeks to have the Court re-weigh the evidence and reach a different conclusion. This is beyond the scope of the Court's limited jurisdiction.   Accordingly, this argument is rejected.

## II.    Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").    Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence.   The Court agrees.

Plaintiff's many physical impairments are well documented in the record. The evidence likewise documents that Plaintiff has, for several years, experienced depression and anxiety, associated with chronic pain, as well as difficulty functioning and concentrating.   (*See, e.g.*, PageID.1401, 1427, 1471, 1513, 1517, 1520, 1524, 1528, 1623, 1626, 1631, 1640, 1674, 1686, 1736, 1753, 1761, 1766, 1788, 1804, 1838, 1858-59, 1908-09, 1919-21).    Plaintiff has also been the victim of domestic assault resulting in serious facial injuries.   (ECF No. 12-29, PageID.1694).

Dr. Lisa Legere-Struntz, Plaintiff's treating physician for more than twenty years, reported that Plaintiff's emotional impairments contribute to her diminished functional capacity.   (ECF No. 12-21, PageID.1293-99).   Patricia Decker, Ph.D. diagnosed Plaintiff with anxiety and "severe" depressive disorder.   (ECF No. 12-15, PageID.916).   Dr. Decker reported, following a November 2017 examination, that Plaintiff's "ability to understand, remember and carry out instructions towards

-7-

performance of simple repetitive tasks is extremely impaired due to her physical impairments." (*Id.*, PageID.913-16). On March 28, 2019, Mitchell Weisbrod, Ph.D, Plaintiff's treating psychologist, reported that Plaintiff's emotional impairments "are greatly affected by her physical condition" and significantly limit her ability to function in the workplace. (ECF No. 12-35, PageID.1939).

The ALJ's finding that Plaintiff does not experience *any* functional limitations as a result of her emotional impairments is not supported by substantial evidence. The ALJ stated that Plaintiff's "presentation to her regular providers" did not support any functional limitations. While Plaintiff's care providers regularly noted that Plaintiff exhibited normal insight and judgment, they likewise regularly reported that Plaintiff was experiencing depression, anxiety, and difficulty concentrating. The former observations do not negate the latter, as a person can possess normal insight and judgment, yet simultaneously experience depression, anxiety, or difficulty concentrating and understanding work instructions.

Simply put, the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### III. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

### CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          Respectfully submitted,

Date: June 21, 2021                        /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge